

**U.S. Election Assistance Commission (EAC)**
1201 New York Ave. NW – Suite 300
Washington, DC 20005

August 6, 2013

Honorable Kris W. Kobach
Secretary of State
Office of the Kansas Secretary of State
Memorial Hall, 1st Floor
120 S.W. 10th Avenue
Topeka, KS 66612-1594

Dear Secretary Kobach:

Thank you for the clarification provided in your correspondence dated August 2, 2013 regarding the Kansas policy on acceptance and use of the national mail voter registration form (Federal Form).

Please be advised that in deliberating our response of July 31, 2013, EAC was considering the language of your June 18, 2013 correspondence, wherein you advised:

> Legislation that was enacted in 2011 amended K.S.A. 25-2309 by adding Subsection (l), which directs that any completed application for registration shall be accepted but the registration shall be in "suspense" status until the applicant has provided satisfactory evidence of United States citizenship. Subsection (u) of K.S.A. 25-3009 specifies the date of this provision as January 1, 2013. A voter in suspense may vote a provisional ballot which will not be counted until the voter's registration is taken out of suspense status.
>
> We also reviewed K.S.A 25-2309 (l) which provides in relevant part:
>
> (l) The county election officer or secretary of state's office shall accept any completed application for registration, *but an applicant shall not be registered until the applicant has provided satisfactory evidence of United States citizenship…..* After a person has submitted satisfactory evidence of citizenship, the county election officer shall indicate this information in the person's permanent voter file. (*Emphasis added*)

Thus the language of your correspondence and the controlling Kansas statute suggests that a Federal Form would not be accepted without the "satisfactory evidence of citizenship." This is further confused by the inclusion of a reference to the national mail voter registration mail application in K.S.A. 25-2309 (a) which provides for the types of voter registration applications used by applicants in Kansas. I hope you can understand and appreciate the basis for our earlier decision.

As I indicated in my previous correspondence, the EAC currently has four vacancies and the EAC staff must defer any requests that raise "issues of broad policy concern to more than one state" until EAC has a quorum. Our July 31 letter included a copy of the memorandum from Mr.Thomas Wilkey, the previous Executive Director, which delineates the process EAC staff must follow when considering State requests to modify their state-specific instructions on the Federal Form. The memo is also available on the EAC website.

Exhibit 8 of the Complaint
000001

Secretary Kris W. Kobach
August 6, 2013


       Your latest correspondence requests that a revised form of the instruction referred to in your letter of June 18, 2013 be included in the Kansas state-specific instructions on the Federal Form even though, as you indicate in your latest correspondence, Kansas "will accept and use the Federal Form registrations submitted without proof of citizenship documents to register voters for elections for Federal office." You advise that "When the Kansas-specific instruction is added, applicants using the Federal Form (with documentation proving citizenship) may register for *both* federal and state elections." (*Emphasis supplied*) The addition of the language would thus have applicability to voter registration for state elections but have no impact on procedures already in place for federal elections.

       EAC staff believes that this request raises issues of policy concern that would impact other states. First, in granting the request EAC would be authorizing the placement of an instruction on the Federal Form applicable to registering to vote in state elections, not federal elections. The inclusion of instructions on the Federal Form applicable only to state and/or local elections would be a significant change in policy for EAC. EAC is authorized to place instructions on the Federal Form for federal elections.

       Second, citizenship documentation is not addressed in the National Voter Registration Act of 1993 or the Help America Vote Act of 2002 and the inclusion of such information with the Federal Form as it is currently designed constitutes a policy question which EAC Commissioners must decide. EAC staff has no authority to establish policy for the EAC.

       EAC staff, therefore, has no alternative but to defer your request until the reestablishment of a quorum at EAC.


Sincerely,

*[signature: Alice Miller]*

Alice Miller,
Acting Executive Director &
Chief Operating Officer

Exhibit 8 of the Complaint
000002