

**U.S. Election Assistance Commission**
**1201 New York Ave. NW – Suite 300**
**Washington, DC 20005**

August 13, 2013

Honorable Ken Bennett
Secretary of State
Office of the Arizona Secretary of State
1700W. Washington Street, 7th Floor
Phoenix, AZ 85007-2808

Dear Secretary Bennett:

    Thank you for your recent correspondence to this office requesting modification of instructions relative to Arizona on the national mail voter registration form (Federal Form). Please be advised that upon review the U.S. Election Assistance Commission (EAC) staff cannot process your request due to a lack of a quorum on the Commission.

    As you know, EAC currently has four Commissioner vacancies. EAC staff is authorized to process State requests to modify state-specific instructions on the Federal Form but according to current procedures must defer any requests that raise "issues of broad policy concern to more than one state" until EAC has a quorum. I have attached a copy of the November 9, 2011 memo to former EAC Commissioners Donetta Davidson and Gineen Bresso from former Executive Director Thomas Wilkey delineating the process EAC staff must follow when processing State requests to modify their state-specific instructions on the Federal Form.

    Your correspondence indicates that the result of the authorizing Arizona statute and corresponding modification to the state-specific instruction on the Federal Form would be that the Federal Form would be rejected without the proper citizenship documentation. The first sentence of the proposed instruction reads:

> If this is your first time registering to vote in Arizona or you have moved to another county in Arizona, your voter registration form must also include proof of citizenship or the form will be rejected.

    Failure to "accept and use" the Federal Form has broad policy impact that could affect more than one State.

    In addition, citizenship documentation is not addressed in the National Voter Registration Act or the Help America Vote Act and the inclusion of such information with the Federal Form constitutes a policy question which EAC Commissioners must decide. EAC staff has no authority to establish policy for EAC.

    The requested modification to the state-specific instruction on the Federal Form appears to raise issues of broad policy concern to more than one state. EAC staff is therefore constrained to defer the request until EAC has a quorum.

Sincerely,

*Alice Miller*
Alice Miller,
Acting Executive Director &
Chief Operating Officer

Exhibit 17 of the Complaint
000001



**Office of the Executive Director**
**U.S. Election Assistance Commission**
**1201 New York Ave. NW – Suite 300**
**Washington, DC 20005**

November 9, 2011

# MEMORANDUM

**TO:**       Commissioner Donetta Davidson
              Commissioner Gineen Bresso

**FROM:**     Thomas Wilkey, Executive Director

**SUBJECT:**  State Requests to Change their State-Specific Instructions on the National Mail Voter Registration Form


The National Voter Registration Act (NVRA), as amended by the Help America Vote Act (HAVA), transfers authority from the Federal Election Commission (FEC) to EAC to develop a Federal Mail Voter Registration Application Form (Federal Form) in consultation with the states and to prescribe regulations applicable to the Federal Form.  The NVRA requires states to use and accept the Federal Form for federal elections.  Section 9428.6(c) of the NVRA regulations (11CFR 9428.6(c))  specifically provides that "Each state election official shall notify the Commission, in writing, within thirty days of any change to the state's voter eligibility requirements or other information reported under this section."

Accordingly, EAC periodically receives requests from States to update their respective portion of the State-specific instructions contained on the Federal Form.  Currently, EAC has no formally adopted written procedures or official policies in place regarding the processing of such requests.  Since 2008, the Commission has voted on each submitted request.  However, with the current lack of a quorum, no votes on these requests are possible.  It is essential, however, that EAC continue to process these requests.  I am, therefore, immediately implementing an interim procedure delegating to staff in the Division of Research, Policy and Programs (RPP) the ability to process State requests pending the establishment of a quorum.   The interim procedure is as follows:

- All State requests must be from the Chief Election Officer of the State or his/her duly authorized agent on appropriate State letter-head.

- RPP staff is authorized to take action on two types of requests:  1) a State request to modify their mailing address and 2) a request for a change in the State-specific instructions if the proposed modification is required by a change in State law.  This would include a request that clarifies existing state law.

1

Exhibit 17 of the Complaint
000002

- Upon review of the State request and after consultation with the Office of General Counsel, RPP staff shall make recommendations to the Executive Director.

- The Executive Director will make the final determination with regard to each State request.

- Requests that raise issues of broad policy concern to more than one State will be deferred until the re-establishment of a quorum.

This procedure is consistent with past precedent at the EAC.  Prior to 2008, EAC staff approved requests from States to modify their State-specific instructions on the Federal Form.

Should you have any questions, please do not hesitate to contact me.


cc:  Ms. Alice Miller,
     Chief Operating Officer

     Karen Lynn-Dyson, Director
     Division of Research, Policy and Programs

2

Exhibit 17 of the Complaint
000003