UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRIS W. KOBACH, et al.,

                 Plaintiffs,

vs.                                                Case No. 13-cv-4095-EFM-DJW

THE UNITED STATES ELECTION
ASSISTANCE COMMISSION, et al.,

                 Defendants.

## MEMORANDUM AND ORDER

The Court has before it the following four motions: Motion to Intervene as Defendants (ECF No. 33) filed by proposed intervenors Inter Tribal Council of Arizona, Inc., Arizona Advocacy Network, League of United Latin American Citizens Arizona, and Steve Gallardo (collectively "AZ Applicants"); Motion for Leave to Intervene as Defendant (ECF No. 36) filed by proposed intervenor Project Vote, Inc.; Motion to Intervene as Defendants (ECF No. 52) filed by proposed intervenors League of Women Voters of the United States, League of Women Voters of Arizona, and League of Women Voters of Kansas (collectively "League"); and Motion for Leave to Intervene as Defendants (ECF No. 62) filed by proposed intervenors Valle del Sol, the Southwest Voter Registration Education Project, Common Cause, Chicanos Por La Causa, Inc., and Debra Lopez ("Valle Applicants"). All movants request leave to intervene as defendants in this case as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, or, in the alternative, to intervene permissively pursuant to Rule 24(b)(1)(B).

In their Responses (ECF Nos. 49, 50, 76, & 77), Plaintiffs Kris W. Kobach, Ken Bennett, The State of Kansas, and the State of Arizona oppose intervention under either basis. Defendants United States Election Assistance Commission ("EAC") and Alice Miller also

responded, stating that they believe permissive intervention is available, which they do not oppose. For the reasons set forth below, the Court concludes that the requests for leave to intervene permissively should be granted. As a result, the Court finds it unnecessary to consider whether applicants are entitled to intervene as of right pursuant to Rule 24(a).[1]

**I.    Background**

    **A.    The Instant Action**

In their complaint, Plaintiffs request, among other things, a writ of mandamus ordering Defendants to modify the Kansas- and Arizona-specific instructions of the mail voter registration application form ("Federal Form"), which is developed by the EAC in consultation with the States pursuant to the National Voter Registration Act, 42 U.S.C. § 1973gg *et seq*. ("NVRA"), to include the requirement that voter registration applicants utilizing the Federal Form submit proof-of-citizenship documentation in accordance with Kansas and Arizona law. The current version of the Federal Form only requires a voter registration applicant to attest under oath that he or she is a United States citizen. Plaintiffs also seek a declaratory judgment that the NVRA is unconstitutional as applied to Plaintiffs in determining voter registration requirements.

    **B.    The Applicants for Intervention**

Inter Tribal Council of Arizona, Inc. is a private, non-profit Arizona corporation whose members include 21 Arizona Indian tribes, involved in, among other things, promoting Native American voting rights in Arizona and providing voter education programs for its members. Arizona Advocacy Network and League of United Latin American Citizens Arizona are nonpartisan advocacy groups that seek to increase citizen participation in Arizona's electoral process through voter education and registration, focusing on underrepresented communities and

---

[1] *W&W Steel, LLC v. BSC Steel, Inc.*, No. 11-2613-RDR, 2013 U.S. Dist. LEXIS 62681 *5 (D. Kan. May 1, 2013).

Hispanic citizens, respectively. Steve Gallardo is an Arizona State Senator who seeks to protect the voting rights of all eligible citizens, particularly those in his District.

Project Vote, Inc. is a nonpartisan corporation that develops, funds, and supports voter registration drives in underprivileged communities, including in Arizona.

The League is an organization that conducts voter registration drives in both Arizona and Kansas and advocates for voters' rights, with a mission of encouraging voting and civic participation, particularly among minorities and underprivileged communities.

Valle del Sol is a nonprofit, nonpartisan Arizona organization that delivers services primarily to the Latino community, including conducting voter registration campaigns and education. The Southwest Voter Registration Education Project is a nonpartisan Latino organization that sponsors voter registration drives in support of its mission of increasing participation in the democratic process. Common Cause is a nonpartisan, nonprofit advocacy that conducts voter education towards preserving citizen voting rights. Chicanos Por La Causa, Inc. is an Arizona community development corporation that provides assistance to underprivileged individuals. It registers voters and conducts registration drives in support of its social agenda. Debra Lopez is a political consultant/campaign manager who manages voter registration projects, including events and door-to-door drives, in areas with large Latino populations and low voter turnout.

  **C.** **The Supreme Court case of *Arizona v. Inter Tribal Council of Arizona***

AZ Applicants, Project Vote, and the League of Women Voters of Arizona were also Plaintiffs in *Arizona v. Inter Tribal Council of Arizona*, 133 S. Ct. 2247 (2013) ("*ITCA*"), wherein the Supreme Court held that the State of Arizona was required by the NVRA to "accept and use" the Federal Form and was prohibited from requiring that voter registration applicants

using the Federal Form submit additional proof-of-citizenship documentation beyond that required by the Federal Form. In *ITCA*, the Supreme Court also stated that Arizona could submit a request to the EAC to include its proof-of-citizenship requirement in the Federal Form's state-specific instructions.[2] If the EAC did not grant such a request, Arizona could then seek judicial review under the Administrative Procedures Act.[3] Thereafter, Arizona and Kansas made such requests and the EAC did not grant their requests, leading to Plaintiffs filing the instant action.

## II.   Permissive Intervention

Rule 24(b)(1)(B) provides that "(o)n timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." "Permissive intervention is a matter within the sound discretion of the district court."[4] In deciding such a motion, the court should also consider whether the intervention "will unduly delay or prejudice the adjudication of the original parties' rights."[5] Thus, the factors to consider are "(1) whether the application is timely; (2) whether the movant's [defense] and the underlying action share a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice adjudication of rights of the original parties."[6]

In considering whether the application is timely, the court should consider all circumstances, including "the length of time since the applicant knew of [its] interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual

---

[2] *ITCA*, 133 S. Ct. at 2260.
[3] *Id*.
[4] *W&W Steel, LLC.*, 2013 U.S. Dist. LEXIS 62681 *5 (citing *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992)).
[5] Fed. R. Civ. P. 24(b)(3).
[6] *W&W Steel, LLC.*, 2013 U.S. Dist. LEXIS 62681 *5 (*citing Kane Cnty. v. United States*, 597 F.3d 1129, 1135 (10th Cir. 2010)).

circumstances."[7]  Prejudice to the existing parties is measured by "prejudice caused by the intervenors' delay-not by the intervention itself."[8]

In showing commonality, an applicant is not required to assert a separate or additional claim or defense.[9]  Rather, permissive intervention is warranted where the intervenor's "defense raises the same legal questions as the defense of the named defendants."[10]  In *Florida v. United States*, organizations with a "special interest in the administration of election laws" were granted leave to intervene permissively in an action wherein Florida sought preclearance of recent changes to its election laws, including voter registration restrictions.[11]

The court must also consider whether the intervention will unduly delay or prejudice adjudication of rights of the original parties.  Where intervention "clutter[s] the action" without aiding the current parties or issues, the applicant's motion to intervene may be denied.[12]

### A. Timeliness

All Applicants argue that their motions are timely in a similar manner.  They each assert there has been no scheduling order set, no discovery undertaken, no dispositive orders entered, no trial date set as yet in this action, and that Defendants had yet to answer.[13]  They further argue that they moved to intervene as soon as possible after Plaintiffs sought to accelerate the action.

Plaintiffs respond in a similar manner to all Applicants.  Plaintiffs argue that all Applicants have known of their alleged interest in this action since the complaint was filed on August 21, 2013.  They further argue that allowing intervention so close to the upcoming hearing date on their pending motions for preliminary injunction and to advance the trial on the merits,

---

[7] *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (citations omitted).
[8] *Id*. at 1251 (*citing Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir. 1998)).
[9] *Kane Cnty.*, 597 F.3d at 1136.
[10] *Miller v. Silbermann*, 832 F. Supp. 663, 673 (S.D.N.Y. 1993).
[11] 820 F. Supp. 2d 85, 86-87 (D.D.C. 2011).
[12] *Lower Ark. Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 691 (D. Colo. 2008) (*citing Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992)).
[13] Defendants have since filed their Answer and Defenses (ECF No. 78).

which could potentially dispose of the case, would prejudice them by requiring Plaintiffs to litigate new legal issues raised by the intervenors. Plaintiffs also allege that the additional issues to be raised by the intervenors would delay final disposition of this action.

The Court finds that the approximately two-and-one half month delay from the filing of the Complaint to the filing of the instant motion, which is prior to the entry of any scheduling order, the commencement of discovery, and the filing of any answer, to not be unreasonable. Further, all Applicants have filed their proposed responses to Plaintiff's pending motions for preliminary injunction and to advance the trial on the merits, giving Plaintiffs notice and opportunity as to their arguments in opposition, addressing the prejudice concerning Plaintiffs. And further, any additional issues to be raised and litigated by the Applicants are caused not by any delay in moving to intervene, but instead by the intervention itself. As a result, the Court concludes that all Applicants have moved timely to intervene in this action.

### B. Common Question of Law or Fact

All Applicants state that they have shown their defenses share a common question of law or fact with the action, as demonstrated by their proposed answers denying the legal assertions made by Plaintiffs in their complaint. All Applicants also argue that they possess a unique knowledge, perspective, and expertise regarding the issues in this action. Further, all Applicants have shown their special interest in administration of voting rights through their stated goals, missions, and activities.

Plaintiffs argue in like manner as to all Applicants. Plaintiffs assert that the Applicants do not raise legally protectable interests particular to themselves. They also argue that the existing Defendants can raise all defenses asserted by Applicants.

The Court finds that all Applicants have clearly shown their interests in either increasing participation in the democratic process, or protecting voting rights, or both, particularly amongst minority and underprivileged communities. Further, they have all specifically stated, and demonstrated by their answers, that their goal in this action is to defend against the claims of Plaintiffs and to maintain the current version of the Federal Form without the additional proof-of-citizenship documentation requirements. Also, the Court finds that the existing government Defendants have a duty to represent the public interest, which may diverge from the private interest of Applicants. As such, the existing Defendants may not adequately represent Applicants' specific interests. In addition, Applicants' experience, views, and expertise, particularly as to the effects of the state voting registration requirements at issue on voter registration efforts, will help to clarify, rather than clutter the issues in the action, which will in turn assist the Court in reaching its decision. Lastly, the Court finds all Applicants in this action have demonstrated that they are individuals or entities with a "special interest in the administration of election laws," warranting permissive intervention in this action specifically addressing the NVRA.[14]

### C. Undue Delay or Prejudice

Plaintiffs argue that intervention will result in both undue delay and prejudice to them. They assert that they will be prejudiced by having to address additional arguments in response to their pending motions. Plaintiffs also posit that allowing intervention will potentially delay a possible disposition of the case at the upcoming hearing.

At this early stage in the litigation, where no scheduling order has been entered or discovery commenced, the Court does not find that the intervention will unduly delay the action or prejudice Plaintiffs' rights. The intervention will not unduly delay the main action for the

---

[14] *See Florida*, 820 F. Supp. at 86-87.

same reason that the motions are timely. And again, the Court believes that the experience and expertise of the Applicants will assist the court, rather than waste additional time. Thus, the Court finds no undue delay or prejudice to Plaintiffs by allowing intervention of all Applicants

**D.    Conclusion**

Therefore, based on the above conclusions that all Applicants moved for leave to intervene timely, all Applicants have a defense that shares a common question of law or fact with the action, and intervention will not unduly delay or prejudice adjudication of rights of the original parties, the Court concludes that leave to intervene permissively should be granted as to all Applicants.

**IT IS THEREFORE ORDERED** that the Motion to Intervene as Defendants (ECF No. 33) is granted pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Inter Tribal Council of Arizona, Inc., Arizona Advocacy Network, League of United Latin American Citizens Arizona, and Steve Gallardo are granted leave to intervene permissively as defendants in this action.

**IT IS FURTHER ORDERED** that the Motion for Leave to Intervene as Defendant (ECF No. 36) is granted pursuant to Rule 24(b). Project Vote, Inc. is granted leave to intervene permissively as a defendant in this action.

**IT IS FURTHER ORDERED** that the Motion to Intervene as Defendants (ECF No. 52) is granted pursuant to Rule 24(b). League of Women Voters of the United States, League of Women Voters of Arizona, and League of Women Voters of Kansas are granted leave to intervene permissively as defendants in this action.

**IT IS FURTHER ORDERED** that the Motion for Leave to Intervene as Defendants (ECF No. 62) is granted pursuant to Rule 24(b). Valle del Sol, the Southwest Voter Registration

Education Project, Common Cause, Chicanos Por La Causa, Inc., and Debra Lopez are granted leave to intervene permissively as defendants in this action.

**IT IS FURTHER ORDERED** that all Intervenor Defendants shall electronically file their answer and/or other responsive pleading within 5 days of the date of this Order.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 12th day of December, 2013.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge