IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRIS W. KOBACH, *et al.*,

    *Plaintiffs,*

vs.

THE UNITED STATES ELECTION
ASSISTANCE COMMISSION, *et al.*,

    *Defendants.*

Case No. 13-cv-4095-EFM-TJJ

**MEMORANDUM AND ORDER**

Defendant-Intervenor Valle del Sol and others associated with its group seek dismissal of this lawsuit based on the primary assertion that the Secretary of State has no legal authority to bring this claim in the name of the State of Kansas. The Court finds that the Kansas Attorney General has authorized this lawsuit. For the following reasons, the motion to dismiss is denied.

**I. Factual and Procedural Background**

In August 2013, this lawsuit was filed against the United States Election Assistance Commission and Alice Miller, the EAC's acting executive director and chief operating officer. The Complaint lists four plaintiffs—Kris W. Kobach, the Kansas Secretary of State; Ken Bennett, the Arizona Secretary of State; the State of Kansas; and the State of Arizona. The Plaintiffs seek a writ of mandamus to order the EAC or Miller to modify the state-specific

instructions of the federal mail voter registration form to require applicants from Kansas and Arizona to submit proof-of-citizenship documents in accordance with Kansas and Arizona law.

On December 12, 2013, the magistrate judge granted four motions for leave to intervene permissively. One of the groups allowed permissive intervention is made up of Valle del Sol, the Southwest Voter Registration Education Project, Common Cause, Chicanos Por La Causa, Inc., and Debra Lopez. The same day, the Valle del Sol group filed this Motion to Dismiss (Doc. 107) under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(3).

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for the dismissal of any claim when the court lacks subject matter jurisdiction.[1] Federal courts are courts of limited jurisdiction.[2] Whether a plaintiff has standing to file a lawsuit is an element of subject matter jurisdiction.[3] A plaintiff in federal court bears the burden of establishing standing.[4] A court must dismiss the action if it determines at any time that it lacks subject matter jurisdiction.[5]

Rule 12(b)(6) permits a party to move for dismissal for failure to state a claim for which relief can be granted.[6] Under Rule 12(b)(6), the court must accept as true all facts in the complaint, but it is not required to afford the same presumption to legal conclusions.[7] Rule

---

[1] Fed. R. Civ. P. 12(b)(1).

[2] *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001).

[3] *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012).

[4] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

[5] Fed. R. Civ. P. 12(h)(3).

[6] Fed. R. Civ. P. 12(b)(6).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

12(b)(3) permits a party to move for dismissal based on improper venue.[8] The plaintiff has the burden of showing that venue is proper.[9]

### III. Analysis

Valle del Sol seeks dismissal for two reasons. First, Valle del Sol argues that Kobach, as Secretary of State, lacks authority to file suit on behalf of Kansas. Rather, Valle del Sol contends, Kansas law requires that all actions on behalf of the State must be brought by the Attorney General. Accordingly, Valle del Sol argues, the claims of Kobach and Kansas should be dismissed because Kobach has failed to allege that he has suffered any injury apart from the State. Second, Valle del Sol argues that if Kobach and the State of Kansas are dismissed as parties, then the remaining plaintiffs—Bennett and the State of Arizona—fail to allege any basis for establishing venue in the District of Kansas. Valle del Sol seeks dismissal or a transfer to the United States District Court for the District of Arizona.

>Kansas law outlines the duties and responsibilities of the Attorney General:
>
>The attorney general shall appear for the state, and prosecute and defend any and all actions and proceedings, civil or criminal, in the Kansas supreme court, the Kansas court of appeals and in all federal courts, in which the state shall be interested or a party, and shall, when so appearing, control the state's prosecution or defense.[10]

In response to this motion, the Plaintiffs have submitted a letter from Attorney General Derek Schmidt addressed to Secretary of State Kobach authorizing this litigation. The letter bears the same date as the Complaint and contains the following opening paragraph:

---

[8] Fed. R. Civ. P. 12(b)(3).

[9] *Etienne v. Wolverine Tube, Inc.*, 12 F. Supp. 2d 1173, 1180 (D. Kan. 1998).

[10] K.S.A. § 75-702.

Dear Secretary Kobach:

The purpose of this letter is to authorize the handling of litigation by the Office of the Kansas Secretary of State and the State of Kansas against the United States Election Assistance Commission and to memorialize the understanding of the Office of the Kansas Secretary of State and the Office of the Kansas Attorney General concerning the handling of such litigation in the United States District Court for the District of Kansas. Specifically, this letter grants authorization to the Office of the Kansas Secretary of State to bring a federal court action (in conjunction with the State of Arizona) against the United States Election Assistance Commission seeking a writ of mandamus, pursuant to 28 U.S.C. § 1361 and the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.* (hereinafter "the APA"), to order the United States Election Assistance Commission ("the EAC") or its Acting Executive Director Alice Miller to make modifications to the Kansas- and Arizona-specific instructions of the mail voter registration application form, which is developed by the EAC in consultation with the chief election officers of the States pursuant to the National Voter Registration Act, 42 U.S.C. § 1973gg *et seq.* (hereinafter "the NVRA").

In memorializing the understanding between the two offices, the letter further states that "The Kansas Secretary of State, Kris Kobach, with attorneys Eric Rucker, Tom Knutzen, and Regina Goff, are hereby authorized to file the litigation and to represent the State of Kansas for this matter only." In addition, the letter states that "The Kansas Attorney General expressly retains all powers and authority granted to him under the statutory and common law, including but not limited to the provisions of K.S.A. 75-702, and amendments thereto, throughout the pendency of the litigation."

The statute at issue, K.S.A. 75-702, does not restrict the Attorney General's authority or otherwise prohibit delegation. In Kansas, the Attorney General's powers are as broad as the common law unless restricted or modified by statute.[11] At common law, the attorney general was

---

[11] *Memorial Hospital Association, Inc. v. Knutson*, 722 P.2d 1093, 1097 (Kan. 1986).

entrusted with the management of all legal affairs.[12] Therefore, in the absence of such a restriction, the Attorney General has the authority to delegate prosecution of an action in federal court under his authority to manage all legal affairs of the State of Kansas.[13]

The Court finds that the Attorney General's letter filed with the Court is sufficient delegation to the Secretary of State. Therefore, the Secretary of State is a proper party. And the State of Kansas is a real party in interest. As a result, venue is proper in the United States District Court for the District of Kansas. The motion to dismiss is denied.

**IT IS ACCORDINGLY ORDERED** this 6th day of February, 2014, that the Motion to Dismiss of Defendant-Intervenors Valle del Sol, Southwest Voter Registration Education Project, Common Cause, Chicanos Por La Causa, Inc., and Debra Lopez (Doc. 107) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[12] *State v. Finch*, 280 P. 910, 912 (Kan. 1929) ("At common law the duties of the attorney-general, as chief law officer of the realm, were very numerous and varied. He was the chief legal adviser of the crown, and was intrusted with the management of all legal affairs and the prosecution of all suits, civil and criminal, in which the crown was interested.").

[13] See *id*. at 911 ("Adequate enforcement of the law involves co-ordinated action upon the part of [county attorneys] as well as all state and local executive officials.").